IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

(1) JESSIE OAKLEY-FELMLEE,　　　　　　　)
　　Personal Representative of the Estate of　)
　　Clinton Eugene Rose, deceased,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　)　　Case No. CIV-24-192-GAG-GLJ
　　　　　　　　　　　　　　　　　　　　)
(1) THE UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendant.　　　　　　)

**ORDER**

　　　　The undersigned does not adopt the report and recommendation (Dkt. No. 35). Accordingly, the government's motion to dismiss (Dkt. No. 29) is DENIED for the reasons that follow. The discretionary function exception to the Federal Tort Claims Act (FTCA) does not apply to negligent medical treatment nor the failure to properly treat a patient. See Jackson v. Kelly, 557 F.2d 735, 738 (10th Cir. 1977) (en banc) ("[T]he discretionary function exception does not except the government from liability for negligent medical care."); Levin v. United States, 568 U.S. 503, 512–13 (2013) (noting "medical malpractice claims may be based on negligence, in which case the FTCA's waiver of the Government's sovereign immunity is not in doubt."). This is not a policy decision as medical and treatment professionals owe a duty of care. United States v. Gaubert, 499 U.S. 315, 323 (1991) ("Because the purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort . . . , when properly construed, the exception protects only governmental actions and decisions based on considerations of public policy." (citation modified); Jackson v. Kelly, 557 F.2d 735, 737-38 (10th Cir. 1977) (en banc) ("[A] duty is discretionary if it involves judgment, planning, or policy decisions. It is not discretionary if it

involves enforcement or administration of a mandatory duty at the operational level, <u>even if professional expert evaluation is required</u>." (emphasis added)).

    Here, the complaint, at paragraph eight, adduces several acts of provider negligence. The undersigned, contrary to the report and recommendation, does not find these to be discretionary acts. Rather, proper treatment is the crux here.

    So Ordered.

    /s/ Gustavo A. Gelpí
**GUSTAVO A. GELPÍ**
Circuit Judge, U.S. Court of Appeals for the First Circuit
Sitting by designation